## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

JAN 0 4 2016

MARIA E. ELKINS, CLERK

Per _____

|  |  |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) Case No. 1:15-cv-2493 |
| ARCLIGHT ENERGY PARTNERS FUND VI, L.P., | ) |
|  | ) |
| GULF OIL L.P., | ) |
|  | ) |
| and | ) |
|  | ) |
| CUMBERLAND FARMS, INC., | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## FINAL CONSENT JUDGMENT

The Commonwealth of Pennsylvania ("Plaintiff") has filed its Complaint against Defendants ArcLight Energy Partners Fund VI, L.P. ("ArcLight"), Gulf Oil L.P. ("Gulf") and Cumberland Farms, Inc. ("Cumberland Farms") pursuant to and alleging violations of Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18, and Pennsylvania common law doctrine against monopolies and restraints of trade;

Defendants acknowledge receipt of Plaintiff's Complaint and agree to waive service of summons in this action;

Plaintiff and Defendants, by their respective attorneys, have consented to the entry of this Final Consent Judgment to resolve all matters of dispute between them in this action without trial or adjudication of any issue of fact or law. This Final Consent Judgment does not constitute any evidence against or admission by any party regarding any issue of fact or law, other than the jurisdictional facts set forth herein;

Defendants have agreed to be bound by the provisions of this Final Consent Judgment pending its entry by the Court;

Defendants hereby represent to the Court that the commitments required below can and will be made and that Defendants will later raise no claim of hardship or difficulty as grounds for asking the Court to modify any of the provisions below other than those set forth in this Final Consent Judgment absent changed circumstances;

NOW, THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is **ORDERED, ADJUDGED AND DECREED:**

## I.      JURISDICTION AND VENUE

A.      This Court has jurisdiction over the subject matter of and each of the parties to this action. 28 U.S.C. §§ 1331 and 1337 (a). This Court has

2

supplemental jurisdiction of the claims brought pursuant to state laws pursuant to 28 U.S.C. § 1367 (a).

B.     The Complaint states a claim upon which relief can be granted against Defendants ArcLight, Gulf, and Cumberland Farms pursuant to Sections 7 and 16 of the Clayton Act as amended.  15 U.S.C. §§ 18 and 26.

C.     Venue is proper in this Court under Section 12 of the Clayton Act, 15 U.S.C. § 22 and under 28 U.S.C. § 1391 (b).

D.     This Court has personal jurisdiction over Defendants.

E.     Defendants have acknowledged service and waived any claim for insufficiency of process or service of process.

F.     Plaintiff represents that entry of this Final Consent Judgment is in the public interest.

## II.     DEFINITIONS

Unless otherwise indicated, the capitalized terms used herein shall have the meaning ascribed to them in the Decision and Order provisionally accepted by the Federal Trade Commission in the Matter of ArcLight Energy Partners Fund VI, L.P., a limited partnership, FTC Docket No. C-4563, on December 28, 2015, ("FTC Order"), a copy of which is incorporated herein by reference and attached hereto as Exhibit 1.  In the event the final FTC Order issued by the Federal Trade Commission in this matter differs from the FTC Order attached hereto, it is agreed the final FTC Order shall be the "FTC Order" referred to herein.

### III.    APPLICABILITY

This Final Consent Judgment applies to ArcLight and Cumberland Farms.

### IV.    REQUIRED DIVESTITURES

As provided in the FTC Order, Defendants shall divest the PA Terminal Assets pursuant to the timing requirements and other relevant provisions of the FTC Order.  A list of the PA Terminal Assets is attached to this Final Consent Judgment as Exhibit 2.

### V.    REQUIRED CONDUCT

Defendants shall perform each obligation set forth in the FTC Order pursuant to the term requirements and other relevant provisions of the FTC Order to maintain the viability of the divested PA Terminal Assets and PA Terminal Business and to remedy the lessening of competition resulting from the Acquisition as alleged in the Complaint.

### VI.    REQUIRED NOTIFICATION

A.    If Defendants seek to acquire, directly or indirectly, through subsidiaries or otherwise, any leasehold, ownership interest or any other interest, in whole or in part, in any concern, corporate or non-corporate, or in any assets open and engaged in the operation of a gasoline terminal or a distillates terminal which

4

are within 65 miles (measured in a straight line distance) of any of the PA

Terminal Assets for a period of ten (10) years from the date of entry of this Final

Consent Judgment, Defendants shall provide advance written notice with respect to

such proposed transaction to Plaintiff. Such notice shall include the identity of the

interest, its owners and locations, the expected closing date of the transaction and

Defendants' evaluation of the impact of the acquisition and shall be delivered to

Plaintiff at least 30 days before the transaction is to close.

   B.     In addition to the foregoing notification requirements, Defendants will

notify Plaintiff's designee at least thirty (30) days prior to:

   1.     Dissolution of Defendants;

   2.     Any proposed acquisition, merger or consolidation of

          Defendants (other than the Acquisition); or

   3.     Any other change in Defendants, including, but not limited to,

          assignment and the creation or dissolution of subsidiaries, if

          such change might affect compliance obligations arising out of

          this Final Consent Judgment or the FTC Order.

## VII.    <u>COMPLIANCE</u>

   A.     Defendants will provide Plaintiff with a copy of the verified reports

required by Paragraph VIII of the FTC Order setting forth, in detail, the manner

and form in which they intend to comply with the FTC Order at the same time any such report is provided to the Federal Trade Commission.

B.    In the event Plaintiff seeks to determine or secure compliance with this Final Consent Judgment, subject to any legally-recognized privilege and upon written request by Plaintiff and upon five (5) days' notice to Defendants, Defendants shall allow Plaintiff the same access to its facilities, assets and materials and employees as set forth in Paragraph X of the FTC Order.  Defendants shall further permit representatives of Plaintiff to accompany any representative of the Federal Trade Commission in any inspection or interview allowed under Paragraph X of the FTC Order as it may relate to Plaintiff or to the terms of this Final Consent Judgment, subject to the confidentiality standards contained in the limited waivers of confidentiality entered between Defendants and Plaintiff.

## VIII.    ENFORCEMENT

If Plaintiff believes that this Final Consent Judgment has been violated, they may apply to the Court for an order of contempt.  Before doing so, Plaintiff shall give Defendants notice of its belief that the Final Consent Judgment has been breached and a reasonable opportunity for the Defendants to cure any alleged violation or violations.  If the Court finds that Defendants have breached this Final Consent Judgment, the Court may order any remedy appropriate to cure

Defendant's breach, including specific performance or other equitable relief, the award of damages, other compensation and reasonable costs and attorneys' fees.

## IX.      FEES AND COSTS

Within ten (10) days of entry of this Final Consent Judgment, Defendants shall pay to Plaintiff its reasonable costs and attorneys' fees incurred in connection with this in the aggregate amount of $24,645 pursuant to 15 U.S.C. § 26.  Such payment shall reimburse the costs and attorneys' fees of the Pennsylvania Office of Attorney General.  These funds shall be used for continued public protection and antitrust enforcement and/or for any purposes permitted by state law at the sole discretion of the Pennsylvania Office of Attorney General or otherwise permitted by state law.

## X.      RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Consent Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Consent Judgment, to modify any of its provisions, to ensure and enforce compliance and to punish violations of its provisions.

## XI.    **EXPIRATION OF CONSENT JUDGMENT**

Except as specifically provided for in this Final Consent Judgment, unless this Court grants an extension, this Final Consent Judgment shall expire ten (10) years from the date of its entry.


IT IS SO ORDERED, this 4th day of January, 2016.

J.

## FOR PLAINTIFF COMMONWEALTH OF PENNSYLVANIA

Bruce R. Beemer
First Deputy Attorney General

Tracy W. Wertz
Chief Deputy Attorney General
Antitrust Section,


*/s/ Joseph S.Betsko*
Joseph S. Betsko
Pennsylvania Bar No. 82620
Senior Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA  17120
(717) 787-4530
(717) 787-1190 (facsimile)
jbetsko@attorneygeneral.gov

Final Consent Judgment In re: Commonwealth of Pennsylvania v. ArcLight
Energy Partners Fund VI, L.P., Gulf Oil L.P., and Cumberland Farms, Inc.

**FOR DEFENDANT ARCLIGHT ENERGY PARTNERS FUND VI, L.P.**

/s/ *George Bibikos*
George Bibikos
Pennsylvania Bar No. 91249
Cozen O'Connor
17 North Second Street
Suite 1410
Harrisburg, PA  17101
(717) 703-5900
(717) 703-5901 (facsimile)
gbibikos@cozen.com

Final Consent Judgment In re: Commonwealth of Pennsylvania v. ArcLight
Energy Partners Fund VI, L.P., Gulf Oil L.P., and Cumberland Farms, Inc.

**FOR DEFENDANTS GULF OIL L.P. and CUMBERLAND FARMS, INC.**

/s/ *Stella M. Tsai*
Stella M. Tsai, Esq.
Pennsylvania Bar No. 53653
Archer & Greiner, P.C.
One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, PA 19103-7393
215-279-9348
215-963-9999 (facsimile)
stsai@archerlaw.com

Final Consent Judgment In re: Commonwealth of Pennsylvania v. ArcLight Energy Partners Fund VI, L.P., Gulf Oil L.P., and Cumberland Farms, Inc.